## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SURINA HARVEY,** *Personal* | ) |
| *Representative of the Estate of Royale* | )     **CIVIL ACTION NO. 3:15-133** |
| *Lee Morris, her sister,* | ) |
| | ) |
|        **Plaintiff,** | ) |
| | )     **JUDGE KIM R. GIBSON** |
|        **v.** | ) |
| | ) |
| **RENEWAL, INC.; UNITED STATES** | ) |
| **PROBATION & PRETRIAL SERVICES,** | ) |
| **JOHN DOE 1 AND JOHN DOE 2,** | ) |
| | ) |
|        **Defendants.** | ) |

### MEMORANDUM OPINION

### I. Introduction

This case arises from the death of Royale Lee Morris. Presently before the Court are two motions: (1) Defendant Renewal, Inc.'s motion to dismiss for Plaintiff's failure to state a claim (ECF No. 4) and (2) Defendant United States Probation & Pretrial Services' motion to dismiss for Plaintiff's failure to state a claim (ECF No. 8). For the reasons stated below, the Court will **GRANT** Defendant Renewal Inc.'s motion to dismiss and will **GRANT** Defendant United States Probation & Pretrial Services' motion to dismiss.

### II. Jurisdiction

The Court has jurisdiction over the federal constitutional claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b).

## III.  Background

Plaintiff initiated the instant action by filing a complaint in the Court of Common Pleas of Cambria County, Pennsylvania, on April 14, 2015.  Defendants removed the action to this Court on May 4, 2015.  (*See* ECF No. 1-2.)  Plaintiff alleges the following facts in the complaint, which the Court will accept as true for the sole purpose of deciding the pending motions.

Plaintiff is the personal representative of the estate of Royale Lee Morris ("Ms. Morris").  (*Id.* ¶ 1.)  Demont Morris ("Mr. Morris"), Ms. Morris's estranged husband with whom she had two children, was serving a sixty-month sentence in federal prison for the distribution of cocaine.  (*Id.* ¶¶ 7-8.)  While Mr. Morris served his sentence, Ms. Morris began to live independently and received letters from Mr. Morris threatening to kill her, their children, and an individual with whom he believed Ms. Morris was romantically involved.  (*Id.* ¶¶ 9-10.)

Upon his release from prison, Mr. Morris was placed in Defendant Renewal, Inc.'s halfway house.  (*Id.* ¶ 11.)  On or about December 16, 2011, Ms. Morris took the children to visit Mr. Morris, who was permitted to leave the halfway house for a few hours.  (*Id.* ¶¶ 13-14.)  While he was inside Ms. Morris's vehicle, Mr. Morris threatened to kill her and their children.  (*Id.* ¶¶ 14-15.)  Thereafter, Mr. Morris continued to send Ms. Morris letters threatening to kill her, their children, and other individuals.  (*Id.* ¶ 16.)  Between December 2011 and April 2012, Mr. Morris harassed and stalked Ms. Morris at her home and place of employment.  (*Id.*)

On or about March 18, 2012, Ms. Morris contacted Mr. Morris's counselor at the halfway house to disclose his threats, harassment, and stalking. (*Id.* ¶ 17.) Ms. Morris contacted Defendant Renewal, Inc. and Mr. Morris's probation officer numerous times and requested that Mr. Morris not be permitted to leave the halfway house. (*Id.* ¶¶ 18, 23.) Defendant Renewal, Inc. continued to grant leave to Mr. Morris, who continued to threaten and harass Ms. Morris. (*Id.* ¶ 19.) On or about April 27, 2012, Mr. Morris traveled to Ms. Morris's home, stated that he was going to kill himself, showed Ms. Morris a newspaper article detailing a domestic-violence crime, and asked if she wanted to be like the dead female described in the article. (*Id.* ¶ 20.) The following day, Mr. Morris learned where Ms. Morris was staying, shot and killed her, and then shot and killed himself. (*Id.* ¶¶ 21-22.)

Plaintiff filed a four-count complaint against Defendants. (ECF No. 1-2.) In Count I, Plaintiff asserts a claim for wrongful death against Defendants Renewal, Inc. and John Doe I. (*Id.* ¶¶ 25-32.) In Count II, Plaintiff asserts a survival action against Defendants Renewal, Inc. and John Doe I. (*Id.* ¶ 33.) In Count III, Plaintiff asserts a claim under 42 U.S.C. § 1983 against Defendants Renewal, Inc. and John Doe 1. (*Id.* ¶¶ 34-37.) In Count IV, Plaintiff asserts a claim under 42 U.S.C. § 1983 against Defendant United States Probation & Pretrial Services.[1] (*Id.* ¶¶ 38-41.)

On May 11, 2015, Defendant Renewal, Inc. filed a motion to dismiss and a brief in support of its motion. (ECF Nos. 4, 5.) Plaintiff filed her response in opposition to

---

[1] Count IV of Plaintiff's complaint is incorrectly identified as Count III.

Defendant Renewal, Inc.'s motion on July 31, 2015. (ECF Nos. 17, 19.)[2] Defendant

Renewal, Inc. replied to Plaintiff's response on August 12, 2015. (ECF No. 26.) On June 4,

2015, Defendant United States Probation & Pretrial Services filed a motion to dismiss and

a brief in support of its motion. (ECF Nos. 8, 9.) Plaintiff filed her response and a brief in

opposition to Defendant United States Probation & Pretrial Services' motion on July 31,

2015. (ECF No. 18, 20.)[3] The parties have fully briefed the Court on the pending motions,

and these matters are now ripe for adjudication.

## IV. Applicable Law

Defendants Renewal, Inc. and United States Probation & Pretrial Services have

filed motions to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure

12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." FED. R.

CIV. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion

of a complaint for failure to state a claim upon which relief can be granted. Although the

federal pleading standard has been "in the forefront of jurisprudence in recent years," the

standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC*

*Shadyside*, 578 F.3d 203, 209 (3d Cir. 2009).

---

[2] As a result of errata entries on the docket, Plaintiff's response in opposition to Defendant
Renewal, Inc.'s motion appears as two entries. (ECF Nos. 17-1, 19.) For ease of reference, the Court
will refer to Plaintiff's response only as ECF No. 19.

[3] As a result of errata entries on the docket, Plaintiff's response in opposition to Defendant United
States Probation & Pretrial Services' motion appears as two entries. (ECF Nos. 18-1, 20.) For ease
of reference, the Court will refer to Plaintiff's response only as ECF No. 20.

4

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See id.* at 210. Second, the court must determine whether the factual matters averred are sufficient to show that plaintiff has a "'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "'detailed factual allegations.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F. 3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has pleaded a "plausible claim for relief" is a "context-specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral to or explicitly relied upon in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d 1410, 1426 (3d Cir. 1997)). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must

permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

## V.    Discussion

### A.    Plaintiff's Federal-Law Claims, Counts III and IV

1.    Defendant Renewal, Inc.'s Motion to Dismiss Count III

Defendant Renewal, Inc. argues that Plaintiff's claim under 42 U.S.C. § 1983 must be dismissed because it is not a state actor. (*Id.* ECF No. 5 at 6-7.) Specifically, Defendant explains that Plaintiff alleges that Renewal, Inc. is a "'corporation providing half-way house services in Pennsylvania.'" (*Id.* at 6 (quoting ECF No. 1-2 ¶ 2).) In support of its argument, Defendant relies upon four decisions in this Court's district holding that it is not a state actor. (*Id.* at 6-7.)

In the alternative, Defendant argues that even if it were a state actor, Count III must be dismissed because Plaintiff has failed to allege a cognizable violation of her civil rights. (*Id.* at 7-12.) Defendant states that Plaintiff's claim is based upon alleged rights provided under the Eighth and Fourteenth Amendments. (*Id.* at 8.) Because the Eighth Amendment relates to excessive bail, excessive fines, and cruel and unusual punishment, Defendant argues that it applies only to individuals who are incarcerated. (*Id.*) After noting that Ms. Morris was not incarcerated, Defendant contends that Plaintiff's complaint fails to allege any facts stating that it imposed excessive bail or fines on Ms. Morris, or inflicted cruel or unusual punishments upon her. (*Id.*)

6

Regarding the Fourteenth Amendment, Defendant argues that the Due Process Clause does not impose an affirmative obligation upon state actors unless the special-relationship or state-created danger exceptions apply. (*Id.* at 9-10.) Defendant states that the special-relationship exception is applicable only when an individual's freedom has been restrained through incarceration, institutionalization, or other similar restraint of personal liberty. (*Id.* at 10.) Because Plaintiff has failed to allege that Ms. Morris was taken into custody or restrained, Defendant asserts that the special-relationship exception is inapplicable. (*Id.*) Defendant next argues that the state-created danger exception does not apply because Plaintiff has failed to allege that Defendant acted in any affirmative manner that created the danger, or Ms. Morris's death. (*Id.* at 10-11.) Because the failure to act does not invoke the Due Process Clause, Defendant contends that Plaintiff's allegation that it acted with deliberate indifference "in failing" to stop Mr. Morris's conduct is insufficient. (*Id.* at 11-12.)

In response, Plaintiff quotes 42 U.S.C. § 1983, emphasizing that it applies to every person who comes under color of any statute, ordinance, regulation, custom, or usage. (ECF No. 19 at 4.) Plaintiff submits that Defendant is a state actor because it contracts with federal and state courts to provide halfway house services. (*Id.* at 6.) Regarding the Eighth and Fourteenth Amendments, Plaintiff concedes that there are insufficient facts alleged in her complaint to set forth a claim under the Eighth Amendment. (*Id.* at 4.) However, she contends that she sufficiently alleged her § 1983 claim under the Fourteenth Amendment. (*Id.* at 4-5.) Specifically, she argues that the ultimate harm was direct and foreseeable because she alleges that Ms. Morris repeatedly provided Defendant with

notice of Mr. Morris's threats. (*Id.* at 4.) Plaintiff asserts that Defendant's conduct was shocking because it failed to act after receiving notice of Mr. Morris's threats. (*Id.* at 4-5.) Plaintiff also states that Ms. Morris was a foreseeable victim and that Defendant used its authority in a manner to render her more vulnerable to danger. (*Id.* at 5.)

In reply, Defendant argues that although it has contractual agreements with federal and state courts to provide services, it is not a state actor. (ECF No. 26 at 2.) Rather, Defendant is a private actor and was involved with Mr. Morris because of its agreement with the federal government. (*Id.*) Defendant also argues that the Fourteenth Amendment is inapplicable, relying upon its initial argument that the special-relationship and state-created danger exceptions do not apply. (*Id.*)

Pursuant to 42 U.S.C. § 1983, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]" 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Tatsch-Corbin v. Feathers*, 561 F. Supp. 2d 538, 543 (W.D. Pa. 2008) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

As Defendant has argued, four judges have issued decisions within this Court's District holding that Defendant is not a state actor. *See Evans v. Renewal, Inc.*, No. 14-CV-

8

466, 2014 U.S. Dist. LEXIS 124024, at *14 (W.D. Pa. Sept. 4, 2014) (J. Schwab) (granting motion to dismiss because the plaintiff's allegations "fail to create the sufficiently close nexus between the state and the challenged action' of Defendant Renewal, such that the action . . . may be fairly treated as that of the state itself") (internal quotations omitted); *Goodwin v. Renewal, Inc.*, No. 11-CV-770, 2012 U.S. Dist. LEXIS 57473, at *9, 12 (W.D. Pa. Apr. 24, 2012) (M.J. Eddy) (finding that the plaintiff's description of Renewal, Inc. as a "private, nonprofit correctional facility" was consistent with case law and holding that "[n]othing in Goodwin's factual allegations suggests that Renewal or its staff were state actors for purposes of Plaintiff's constitutional claims."); *Simmons v. Renewal, Inc.*, No. 11-CV-302, 2012 U.S. Dist. LEXIS 26028, at *1-2 (W.D. Pa. Feb. 29, 2012) (J. Bissoon) (dismissing the complaint because the plaintiff failed to allege state action); *Smith v. Devline*, No. 04-CV-558, 2006 U.S. Dist. LEXIS 79428, at *1-2 (W.D. Pa. 2006) (J. Conti) (adopting M.J. Mitchell's Report and Recommendation stating that "there is nothing which would support the plaintiff's position that Renewal operates 'under color of law' and for this reason, Renewal is not subject to suit under the provisions of 42 U.S.C. 1983."), *aff'd*, 239 Fed. Appx. 735, 736 (3d Cir. 2007) ("Smith failed to submit any facts from which the District Court could have concluded that Renewal and its employees were acting under the color of state law.").

Here, Plaintiff alleges only that "Defendant Renewal, Inc. is a corporation providing half-way house services in Pennsylvania." (ECF No. 1-2 ¶ 2.) As stated in *Evans*, "[m]erely contracting with a public entity (such as Allegheny County, or the Commonwealth of Pennsylvania) . . . does not transform Defendant Renewal from a

9

private to a public entity." *Evans*, 2014 U.S. Dist. LEXIS 124024, at *15. Because Plaintiff does not allege any facts suggesting that Defendant is a state actor and because four judges within this Court's District have held that Defendant is not a state actor, the Court cannot conclude that she has met the requirement that Defendant is "a person acting under color of state law." *Tatsch-Corbin v. Feathers*, 561 F. Supp. 2d at 543. The Court will therefore dismiss Plaintiff's 42 U.S.C. § 1983 claim against Defendant Renewal, Inc. with prejudice. *See, e.g., Evans*, 2014 U.S. Dist. LEXIS 124024, at *16 (dismissing § 1983 claim against Renewal, Inc. with prejudice); *Goodwin*, 2012 U.S. Dist. LEXIS 57473, at *15 (same); *Simmons*, 2012 U.S. Dist. LEXIS 26028, at *2 (same).

Assuming, arguendo, that Defendant were a state actor, Plaintiff still has not sufficiently alleged a claim under 42 U.S.C. § 1983. Plaintiff's claim is based upon the Eighth and Fourteenth Amendments. (ECF No. 1-2 ¶ 40.) As Plaintiff concedes, she has alleged insufficient facts in her complaint to set forth a claim under the Eighth Amendment. (ECF No. 19 at 4.)

Similarly, Plaintiff has failed to allege sufficient facts supporting her claim under the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV. Although the text of the Due Process Clause refers only to the "process" through which a person is deprived of a constitutionally-protected liberty or property interest, the Supreme Court has declared that the constitutional provision "guarantees more than fair process." *Washington v. Glucksberg*, 521 U.S. 702, 719 (1997). The Due Process Clause has been construed to

10

prohibit "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). "In this respect, the Fourteenth Amendment *substantively* prohibits a State from 'abusing governmental power' or 'employing it as an instrument of oppression.'" *Douglas v. Brookville Area Sch. Dist.*, 836 F. Supp. 2d 329, 350 (W.D. Pa. 2011) (emphasis in original) (quoting *Davidson v. Cannon*, 474 U.S. 344, 348 (1986)). "When government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner." *United States v. Salerno*, 481 U.S. 739, 746 (1987). The essential requirements of *procedural* "due process" are "notice and an opportunity to respond." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). The "due process" required under the Fourteenth Amendment "is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

It is well settled that the Fourteenth Amendment does not impose an affirmative obligation upon the state to protect its citizens. *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989). Two exceptions to this rule include the special-relationship exception and the state-created danger exception. *Kneipp by Cusack v. Tedder*, 95 F.3d 1199, 1205 (3d Cir. 1996); *Ye v. United States*, 484 F.3d 634, 637 (3d Cir. 2007). The special-relationship exception applies only when "the State's affirmative act . . . restrain[s] the individual's freedom to act on his own behalf -- through incarceration, institutionalization, or other similar restraint of personal liberty." *DeShaney*, 489 U.S. at 200; *see also Torisky v. Schweiker*, 446 F.3d 438, 444 (3d Cir. 2006) (holding that the special-relationship exception applies "when the State takes a person into its custody and holds

him there against his will") (internal quotations omitted). The state-created danger exception applies when: (1) "the harm ultimately caused was foreseeable and fairly direct;" (2) "a state actor acted with a degree of culpability that shocks the conscience;" (3) "a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) "a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." *Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006) (internal quotations omitted).

Here, the special-relationship exception does not apply because Plaintiff has failed to allege that Defendant incarcerated or institutionalized her. *See, e.g., Gardner v. Luzerne County*, 645 F. Supp. 2d 325, 337 (M.D. Pa. 2009) (finding that the plaintiff's allegations "do not rise above the speculative level, and cannot support a finding of a duty-producing 'special relationship' with the state"); *Campbell v. Koslosky*, No. 06-CV-3494, 2007 U.S. Dist. LEXIS 14898, at *17 (E.D. Pa. Feb. 28, 2007) (holding that the special-relationship exception did not apply because the plaintiff did not allege that his son was in custody when he was injured). Similarly, the state-created danger does not apply because Plaintiff has failed to allege that Defendant acted affirmatively. Instead, Plaintiff alleges only that Defendant "fail[ed]" to take action. (ECF No. 1-2 ¶ 40(a)-(f).) Moreover, Plaintiff has not alleged that the harm was foreseeable, that Defendant acted with a degree of culpability that shocks the conscience, or that such a relationship between Defendant and Ms. Morris exists such

12

that she was a foreseeable victim. For these reasons, and the Court having concluded that Defendant is not a state actor, the Court will dismiss Plaintiff's § 1983 claim against Defendant Renewal, Inc. with prejudice. *See, e.g., Gardner,* 645 F. Supp. 2d at 336, 341 (dismissing § 1983 claim with prejudice after finding that the special-relationship and state-created danger exceptions did not apply); *Campbell,* 2007 U.S. Dist. LEXIS 14898, at *17, 23 (same).

> 2. Defendant United States Probation & Pretrial Services' Motion to Dismiss Count IV

Defendant United States Probation & Pretrial Services argues that 42 U.S.C. § 1983 does not apply to it because it is a federal agency within the United States Judicial System, not a state actor. (ECF No. 9 at 5.) Defendant also asserts that Plaintiff's argument related to the Eighth Amendment is meritless because the Eighth Amendment applies only to incarcerated individuals, and Ms. Morris was not incarcerated. (*Id.* at 6-7.) Defendant further notes that, as a federal agency, it is protected by sovereign immunity and cannot be sued for monetary damages. (*Id.* at 7.) Because Defendant's sovereign immunity has not been waived, it requests that the Court dismiss Count IV with prejudice. (*Id.*)

In response, Plaintiff argues that federal officials are subject to liability under 42 U.S.C. § 1983 "when they have acted under color of state law, for example in conspiracy with state officials." (ECF No. 20 at 7.) However, Plaintiff concedes that she has failed to sufficiently allege the § 1983 claim in Count IV by stating, "It is respectfully submitted that, at the present time[,] Plaintiff is without sufficient facts to set forth the claim with regard to the United States Probation and Pretrial Services and John Doe 1 and John Doe

13

2." (*Id.*) Plaintiff states that additional facts supporting her claim "can only be discovered through the discovery fact finding process." (*Id.*)

"It is well established that liability under § 1983 will not attach for actions taken under color of federal law." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). "Because section 1983 provides a remedy for violations of federal law by persons acting pursuant to state law, federal agencies and officers are facially exempt from section 1983 liability inasmuch as in the normal course of events they act pursuant to federal law." *Hindes v. FDIC*, 137 F.3d 148, 158 (3d Cir. 1998); *see also Goodson v. Maggi*, No. 08-CV-44, 2010 U.S. Dist. LEXIS 24360, at *14 (W.D. Pa. Feb. 22, 2010) ("The law is clear that federal agencies and officers are facially exempt from § 1983 liability in that they generally act pursuant to federal law."). Similarly, "the Fourteenth Amendment only applies to actions of the states and not to the federal government." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001); *see also Bolling v. Sharpe*, 347 U.S. 497, 499 (U.S. 1954) (explaining that the Fourteen Amendment "applies only to the states"). Because well-settled law precludes Plaintiff's claim against Defendant and because Plaintiff has conceded that she has failed to sufficiently allege Count IV, (ECF No. 20 at 7), the Court will dismiss Count IV with prejudice.

## B.    Plaintiff's State-Law Claims, Counts I and II, and Supplemental Jurisdiction

Defendant Renewal, Inc. argues that Plaintiff's wrongful death claim and survival action are insufficient because it had no duty to control the conduct of Mr. Morris. (ECF No. 5 at 12.) Defendant further asserts that a duty to protect another from harm arises

14

only when a special relationship exists. (*Id.* at 13.) Defendant explains that special relationships only exist between a parent and a child, a master and a servant, a possessor of land and a licensee, and those responsible for individuals with dangerous propensities. (*Id.*) Because Plaintiff has not alleged that Mr. Morris had dangerous propensities, Defendant requests that the Court dismiss Plaintiff's wrongful death claim and survival action with prejudice. (*Id.*)

In response, Plaintiff argues that Mr. Morris was not a third party with regard to Defendant because he was under Defendant's direct supervision and control. (ECF No. 19 at 5.) Plaintiff therefore asserts that Defendant's argument that it had no duty to protect against the harm of a third party must be rejected. (*Id.* at 6.) Plaintiff further contends that her complaint alleges that John Doe 1 is Defendant's servant, which created a special relationship and required Defendant to protect Ms. Morris. (*Id.*) Plaintiff also argues that Defendant had a duty to control the conduct of Mr. Morris because her complaint alleges that Mr. Morris had dangerous propensities. (*Id.*)

In reply, Defendant argues that Plaintiff does not have a "clear understanding of what is a third party." (ECF No. 26 at 3.) Specifically, Defendant states that Mr. Morris was a third party with respect to Renewal, Inc. (*Id.*) Because Mr. Morris was not Defendant's child, servant, or licensee, Defendant contends that a special relationship did not exist between them. (*Id.*) Defendant reiterates that Plaintiff's claims must be dismissed because her complaint fails to allege that Mr. Morris was a violent criminal. (*Id.*) Regarding John Doe 1, Defendant states that the special-relationship exceptions are inapplicable because John Doe 1 did not shoot and kill Ms. Morris. (*Id.*)

The Court need not address the parties' arguments because this Court only has jurisdiction over these state-law claims pursuant to supplemental jurisdiction. Jurisdiction over supplemental state-law claims is governed by 28 U.S.C. § 1367(a), which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the Court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As to § 1367(c)(3), "'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). For the reasons set forth above, Plaintiff has failed to plead any claims over which this Court has original jurisdiction. The Court therefore "must" decline to exercise supplemental jurisdiction over the pendent state-law claims and will remand those claims to the Court of Common Pleas of Cambria County, Pennsylvania.

## C. Defendants John Doe 1 and John Doe 2

Plaintiff alleges that John Doe 1 is "an employee of Renewal[,] Inc. who acted as a supervisor of [Mr. Morris] after his release from federal prison and into the hands of Renewal[,] Inc." (ECF No. 1-2 ¶ 4.) Plaintiff alleges that John Doe 2 is "an employee of the United States Probation & Pretrial Services who was [Mr. Morris's] probation officer

16

following his release from federal prison." (*Id.* ¶ 5.) Plaintiff asserts Counts I through III of her complaint against John Doe 1. (*Id.* ¶¶ 25-37.) Plaintiff does not assert any claims against John Doe 2. As discussed *supra*, the Court will remand Counts I and II, which include John Doe 1, to the Court of Common Pleas of Cambria County, Pennsylvania, and will dismiss Counts III and IV of Plaintiff's complaint. Because Plaintiff has not asserted any claims against John Doe 2, the Court will dismiss John Doe 2 from this action with prejudice.

### D. Leave to Amend

The law is well settled that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245. Likewise, Federal Rule of Civil Procedure 15 embodies a liberal approach to amendment and directs that "leave shall be freely given when justice so requires" unless other factors weigh against such relief. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Factors that weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). A district court may therefore "properly deny leave to amend where the amendment would not withstand a

17

motion to dismiss." *Centifanti v. Nix*, 865 F. 2d 1422, 1431 (3d Cir. 1989); *Davis v. Holder*, 994 F. Supp. 2d 719, 727 (W.D. Pa. 2014).

The Court finds that any amendment to Plaintiff's federal-law claims contained in Counts III and IV will be futile pursuant to the well-settled law discussed *supra*, Part V, Section A. *See, e.g., Evans*, 2014 U.S. Dist. LEXIS 124024, at *16 (dismissing § 1983 claim against Renewal, Inc. with prejudice); *Goodwin*, 2012 U.S. Dist. LEXIS 57473, at *15 (same); *Simmons*, 2012 U.S. Dist. LEXIS 26028, at *2 (same); *see also Gardner*, 645 F. Supp. 2d at 336, 341 (dismissing § 1983 claim with prejudice after finding that the special-relationship and state-created danger exceptions did not apply); *Campbell*, 2007 U.S. Dist. LEXIS 14898, at *17, 23 (same).

With regard to Plaintiff's state-law claims contained in Counts I and II, these counts are being remanded to state court. Therefore, the issue of amendment of the complaint does not arise.

## VI. Conclusion

For the reasons stated above, the Court will decline to exercise supplemental jurisdiction over Counts I and II against Defendants Renewal, Inc. and John Doe 1, and will remand those claims to the Court of Common Pleas of Cambria County, Pennsylvania. The Court will dismiss Count III against Defendants Renewal, Inc. and John Doe 1 with prejudice. The Court will dismiss Count IV against Defendant United States Probation & Pretrial Services with prejudice and will dismiss Defendant United

States Probation & Pretrial Services from this action with prejudice. The Court will dismiss Defendant John Doe 2 from this action with prejudice.

An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SURINA HARVEY,** *Personal* | ) | |
| *Representative of the Estate of Royale* | ) | **CIVIL ACTION NO. 3:15-133** |
| *Lee Morris, her sister,* | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE KIM R. GIBSON** |
| v. | ) | |
| | ) | |
| **RENEWAL, INC.; UNITED STATES** | ) | |
| **PROBATION & PRETRIAL SERVICES,** | ) | |
| **JOHN DOE 1 AND JOHN DOE 2,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

**AND NOW**, this 14th day of January, 2016, upon consideration of Defendant Renewal, Inc.'s motion to dismiss (ECF No. 4) and Defendant United States Probation & Pretrial Services' motion to dismiss (ECF No. 8), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that Defendants' motions are **GRANTED** as follows:

(1) Defendant Renewal, Inc.'s motion to dismiss Plaintiff's complaint (ECF No. 4) is **GRANTED**.

    a. Counts I and II against Defendant Renewal, Inc. and Defendant John Doe 1 are **REMANDED** to the Court of Common Pleas of Cambria County, Pennsylvania.

    b. Count III against Defendant Renewal, Inc. is dismissed, with prejudice.

(2) Defendant United States Probation & Pretrial Services' motion to dismiss Plaintiff's complaint (ECF No. 8) is **GRANTED**.

a. Count IV against Defendant United States Probation & Pretrial Services is dismissed, with prejudice.

b. Defendant United States Probation & Pretrial Services is dismissed from this action, with prejudice.

(3) Defendant John Doe 2 is dismissed from this action, with prejudice.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE